## DRIVER *v.* EDRINGTON.

Opinion delivered January 21, 1905.

UNLAWFUL DETAINER—DOUBLE RENTS.—Under Kirby's Digest, § 4696, pro-
viding that a tenant who willfully holds over after the expiration of
his term and after 30 days' previous notice in writing to deliver
possession, shall pay double rents, a tenant who holds over after
expiration of his term, and after lawful notice to vacate, for the
reason that he cannot vacate without great inconvenience and injury
to his business, cannot on that ground escape the statutory penalty of
double rents.

Appeal from Mississippi Circuit Court.

FELIX G. TAYLOR, Judge.

Reversed.

### STATEMENT BY THE COURT.

J. L. Driver, being the owner of a storehouse in the town
of Osceola, rented the same to the mercantile firm of John W.
Edrington & Co. during the year 1901, for a rental of $25 per
month.   During the summer of that year Driver learned that
Edrington & Co. had purchased a lot, and were preparing to
build a storehouse of their own, and, supposing that they would
not want his store longer, he rented the store to another party for
the year 1902, and during the fall of 1901 he gave Edrington
& Co. written notice that they must turn over the storehouse to
him on the first day of January, 1902.   After receiving the notice
one of the firm called on Driver, and offered to rent his store for
1902, and agreed to pay six months in advance, but he declined
on the ground that he had already rented the house to another
party.

Afterwards, as Edrington & Co. failed to vacate on January
1, 1902, he caused another notice to vacate to be served upon them;
and then brought an action of unlawful detainer to recover pos-
session of the demised premises, alleging that, notwithstanding
the notices served upon them to give possession, Edrington & Co.

still "willfully, unlawfully and without right continued to hold and still hold and occupy said storehouse." Wherefore he asked that defendants be compelled to pay by way of damages double the amount of rent during the time they held over.

Edrington & Co. for answer denied that they had willfully, unlawfully and without right continued to hold over the premises in controversy after demand made therefor. Further answering, defendants say that, before the expiration of the year 1901, "they endeavored to rerent the said premises from plaintiff for the year 1902, but that plaintiff refused to continue their lease for another year, or for any further time after the 1st of January, 1902, because defendants were building in the New Town with a view of moving into said building when completed; that it was utterly impossible for defendants to obtain any other building in the town of Osceola into which to remove their stock of goods until they could complete their own building, in the erection of which they were greatly delayed by bad weather; and they were absolutely compelled to remain where they were until they could complete their own storehouse. Defendants admit that they were liable to the plaintiff for the actual rental value of the property from the 1st day of January, 1903, but deny that under the circumstances they should be held liable for double the rental value of the premises by way of punishment for an act which they have done, not from willfulness, but through necessity."

On the trial there was evidence tending to show that there were other storehouses in the town of Osceola that the defendants could have rented large enough to hold their stock of goods, but not large enough to carry on their business with so large a stock of goods as they had been carrying.

The presiding judge gave the following charge to the jury over the objection of the plaintiff, to the giving of which plaintiff duly excepted:

"1. The defendant does not deny that he is guilty of an unlawful detainer, and the only question left for your consideration is the question of rents. If the defendant held over willfully and without right after the 1st day of January, he would be liable for double rent; but if he could not vacate January 1 without great damage or inconvenience to his business, his detention

of the house would not be willful holding over, and he would be liable for single rent only.

"2. It is not enough to relieve him from double rents to merely show that he could not find a place of business such as would satisfy him, or be as large and commodious as the building occupied by him.

"3. If defendant remained in the house after January 1, the presumption is that the holding over was willful and without right, and the burden is on him to show that it would be impracticable or greatly injurious to surrender the possession to the plaintiff; but if that be proved, he would not be liable for double rent."

The jury returned a verdict for plaintiff, and assessed the damages at $112.50, that being at the rate of $25 per month, the ordinary rent during the time the defendant held over. The plaintiff appealed.

*J. T. Coston,* for appellant.

The holding over of appellee was willfully and without right. Sand. & H. Dig. § § 3444, 4461.

*S. S. Semmes* and *Will J. Driver,* for appellees.

There being no bill of exceptions, the judgment of the lower court is presumed to be correct. 35 Ark. 386, 395; 36 Ark. 495; 37 Ark. 528; 42 Ark. 282, 488.

The word *willfully,* as used in section 4461, Sand. & H. Digest, must be given the same construction as in penal statutes. 29 Am. & Eng. Enc. Law, 114; 11 Ark. 454.

*J. T. Coston,* for appellant in reply.

The bill of exceptions was properly filed, and is before the court. 43 Ark. 144, 394; 61 S. W. 373. The statute in question is not a penal one. 57 Ark. 302. The language of the statute is plain. When notice is given, the landlord's right of action is complete. 91 Ala. 461, 458; 68 Ky. 584; 7 Johns, 535; Sand. & H. Dig. § 4462.

RIDDICK, J., (after stating the facts.) The only question in this case is whether a tenant who holds over after the expiration of his term, and after lawful notice by his landlord to vacate, for the reason that he cannot vacate without great inconvenience and injury to his business, can on that ground escape the penalty of double rents imposed by the statute upon a tenant who willfully and without right holds the demised premises after notice in writing to quit. In other words, does the mere fact that the removal will subject the tenant to great inconvenience and damage justify him in holding the premises against the will of the owner thereof, and without right after notice to quit? The language of the statute, in our opinion, leaves no doubt about the answer that must be made to that question. It says that the tenant who willfully holds over after the expiration of his term, and after thirty days' previous notice in writing to deliver possession, shall pay double rents. Kirby's Dig. § 4696. Now, when a tenant whose term has expired, and who has received the thirty days' notice required, concludes to hold over, he certainly does so willfully, and whether his conclusion to do so was brought about by reason of the fact that a removal at that time would be very inconvenient and injurious to his business, or whether he does so simply to keep the landlord out of possession, is, under the statute, entirely immaterial, for in either case the holding over is intentional and in disregard of the right of the owner of the premises, and is "willful" within the meaning of the statute. As a question of morals, he may be much less to blame in one case than in the other, but the statute, so far as the damages are concerned, makes no difference between them.

It follows from what we have said that in our opinion the circuit court erred in the instructions given to the jury, which are set out in the statement of facts. As the facts are not disputed, the judgment will be reversed, with directions that the circuit court enter judgment for plaintiff for double the amount of damages found by the jury. It is so ordered.